UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| ADRIAN BELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. <u>3:21-cv-567-RGJ</u> |
| | ) | |
| v. | ) | Judge <u>Rebecca Grady Jennings</u> |
| | ) | |
| FAURECIA EMISSIONS CONTROL | ) | |
| SYSTEMS NA, LLC, | ) | |
| | ) | |
| **Defendant.** | | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Faurecia Emissions Control Systems NA, LLC ("Faurecia"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Jefferson Circuit Court, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky (Louisville). As grounds for this removal, Faurecia states as follows:

1.      This action was commenced on or about August 13, 2021, by the filing of the Complaint by Plaintiff Adrian Bell in the Jefferson Circuit Court in Jefferson County, Kentucky, Case No. 21-CI-004675 (the "Complaint"). A copy of the Complaint, along with an initial set of discovery requests served along with the Complaint, are attached as Exhibit A. Faurecia was served with the Complaint on August 16, 2021.

2.      On or about September 7, 2021, Faurecia filed its Answer to Plaintiff's Complaint. A copy of the Answer is attached as Exhibit B.

3.      No further pleadings have been served upon Plaintiff or Faurecia.  No further proceedings have taken place in the Jefferson Circuit Court.

### THE PARTIES ARE COMPLETELY DIVERSE

4.      Plaintiff alleges Faurecia is a corporation doing business in Kentucky. (Complaint ¶ 2).  Faurecia is a limited liability company organized under the laws of the state of Delaware.  (*See* Declaration of Patti Fofrich attached as Ex. C, at ¶ 2).  Its sole member is Faurecia Emissions Control Technologies, USA, LLC.  (*Id.* at ¶ 3).  The sole member of Faurecia Emissions Control Technologies, USA, LLC is Faurecia USA Holdings, Inc.  (*Id.*)  Faurecia USA Holdings, Inc. is a Delaware corporation with its principal place of business located at 2800 High Meadow Circle, Auburn Hills, MI  48326.  (*Id.*)

5.      Accordingly, Faurecia is a citizen of Delaware and Michigan.  *See*, *e.g.*, *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies have the citizenship of each partner or member.") (quotation marks omitted).

6.      Plaintiff is a citizen of the Commonwealth of Kentucky.  (Complaint ¶ 1).

7.      Because Faurecia is a citizen of Delaware and Michigan, and Plaintiff is a citizen of Kentucky, complete diversity exists under 28 U.S.C. § 1332.

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

8.      The amount in controversy sought in this dispute exceeds $75,000 exclusive of interest and/or costs.

9.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, 2016 U.S. Dist. LEXIS 27590, * 10 (W.D. Ky. Mar. 4, 2016).

10.     The Complaint purports to allege claims for unlawful retaliation and disability discrimination pursuant to the Kentucky Civil Rights Act ("KCRA"), Chapter 344 *et seq*. (Complaint ¶¶ 11-14).  Although Faurecia disputes the validity of Plaintiff's claims, Plaintiff clearly claims the amount in controversy is greater than $75,000, exclusive of interest and costs.

11.     Kentucky's Rules of Civil Procedure prohibit alleging specific damages amounts in the Complaint.  Kentucky R. Civ. P. 8.01(2).  Further, Kentucky allows a party to recover in excess of the amount demanded in the pleadings.  Kentucky R. Civ. P. 54.03(2).  Accordingly, the Complaint's conclusory statement that the amount in controversy "is less than $75,000" (Complaint ¶ 4) is both improper and irrelevant.  *See Cook v. Estate of Moore*, 2012 U.S. Dist. LEXIS 157486, ** 2-3 (W.D. Ky. Nov. 1, 2012) (statement in plaintiff's complaint that plaintiff is seeking less than $75,000 is "not procedurally proper, and could be ignored or amended at a later time").

12.     The Complaint seeks substantial damages from Faurecia, including:

    a.     Compensatory damages including, but not limited to, past and future lost wages and past and future lost benefits;

    b.     Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

    c.     Punitive damages; and

    d.     An award of statutory attorney fees, costs and expenses.

13.     Plaintiff was separated from Faurecia in April 2021.  (Complaint ¶¶ 6).  He made $19.82 per hour during his employment, or an annualized salary of $41,225.60.  (*Id*.).  Even assuming this case can quickly proceed to trial in 1.5 years from filing, trial would occur in

3

March 2023.[1]  At that point, Plaintiff would be seeking approximately two years of back-pay, or about $82,451.00, which already exceeds the requirement for removal.  Assuming a front-pay award of half this amount ($41,225.00), Plaintiff's damages for lost wages would be approximately $123,676.00.[2]

14.    In other words, Plaintiff's damages for lost wages <u>alone</u> clearly exceed the jurisdictional threshold.

15.    But Plaintiff's claimed damages are not limited to lost wages.  Plaintiff also seeks damages for emotional distress, embarrassment, and mental anguish.  These damages are recoverable as "actual damages" under the KCRA and further increase the amount in controversy above the jurisdictional threshold.  *See*, *e.g.*, *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014).  There is no statutory limit on damages for emotional distress under the KCRA.  *Id.*

16.    Additionally, the attorney's fees Plaintiff seeks are included in the amount in controversy because KRS § 344.450 expressly allows Plaintiff to recover them if he is successful.  *See*, *e.g.*, *Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461, * 12 (E.D. Ky. Mar. 31, 2007) ("The Sixth Circuit recently reiterated that statutory attorneys fees are included in considering the amount in controversy") (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

17.    Given the scope and variety of the damages available in employment cases like this one, Kentucky district courts have recognized it is a "near-certainty" that the amount in

---

[1] *See Proctor v. Swifty Oil Co.*, 2012 U.S. Dist. LEXIS 141323, * 7 (W.D. Ky. Oct. 1, 2012) (employing a "conservative[]" estimate that the case would "proceed from filing to resolution by trial in a year and a half").

[2] *See Proctor*, 2012 U.S. Dist. LEXIS 141323, * 7 (assuming, for purposes of amount-in-controversy analysis, that plaintiff would recover front pay in an amount equal to at least half of back pay damages).

controversy in such cases exceeds the jurisdictional threshold.  *See Proctor*, 2012 U.S. Dist. LEXIS 141323, * 8; *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) ("Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement" where "Plaintiff alleges termination due to . . . discrimination, lost wages, benefits, humiliation, and embarrassment"); *Martin v. UPS Supply Chain Solutions*, 2015 U.S. Dist. LEXIS 19007, * 7 (W.D. Ky. Feb. 13, 2015) ("[T]he addition of [plaintiff's] claims for emotional distress, mental anguish, humiliation, and embarrassment, plus future lost wages and attorney's fees, convince the Court of the likelihood that at least $75,000 is at stake in this case."); *Harris v. Burger King Corp.*, 2012 U.S. Dist. LEXIS 45263, ** 2-3 (W.D. Ky. Mar. 29, 2012) (finding amount in controversy exceeded $75,000, despite negligible back pay damages, given plaintiff's request for *inter alia* lost wages, emotional damages, and attorney's fees).

18.     Considering all of Plaintiff's alleged damages, if he were to succeed at trial, he would recover in excess of $75,000.

19.     Accordingly, removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, there is complete diversity among all parties of interest who are properly joined in this action, and based on Plaintiff's Complaint and extant law, it is appropriate to conclude that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

20.     The United States District Court for the Western District of Kentucky, Louisville Division, is the district court for the judicial district and division embracing Jefferson County, Kentucky, where the state court action is pending.  28 U.S.C. § 97(b).

21.     This Notice of Removal was timely filed in accordance with 28 U.S.C. § 1446.

22.     A copy of this Notice of Removal is being served by U.S. Mail on counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the Jefferson Circuit Court in accordance with 28 U.S.C. § 1446.  A copy of the Notice of Filing is attached as Exhibit D.

Respectfully submitted,

/s/ Ryan M Martin
Ryan M. Martin (KY Bar 92619)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: ryan.martin@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of September, 2021, a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon the following individual:

Kurt A. Scharfenberger
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
Telephone: (502) 561-0777
Email: kurt@scharfenberger-law.com

*Attorney for Plaintiff*

*/s/ Ryan M. Martin*
Ryan M. Martin

4825-1303-6538, v. 1

7